UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| GRADY R. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV413-129 |
| | ) | |
| BRIAN OWENS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After Grady R. Williams filed his "Petition for an Extraordinary Writ Authorized by 28 U.S.C. 1651(a)," doc. 1 at 1, the Clerk sent him a Deficiency Notice regarding his $5 filing fee. Doc. 3. The Notice gave him until June 19, 2013 to either pay the fee or move for leave to proceed *in forma pauperis*. *Id.* Williams did neither, so his petition was dismissed without prejudice. Doc. 8.[1]

---

[1] This has not been his only filing. *See Williams v. Owens*, CV613-036, doc. 6 (S.D. Ga. June 6, 2013) (dismissing 28 U.S.C. § 2241 petition for failure to pay $5 filing fee); *Williams v. Owens*, CV513-024, doc. 5 (M.D. Ga. July 24, 2013) (authoring *in forma pauperis* for an 42 U.S.C. § 1983 action against Owens but providing no indication whether Williams' complaint was screened under 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A, or 42 U.S.C. § 1997e(c)(2)); *Williams v. Owens*, CV513-027, doc. 7 (M.D. Ga. July 5, 2013) (advising dismissal of his § 1983 claims); *Williams Jr. v. Owens*, CV613-016, doc. 18 (S.D. Ga. June 17, 2013) (active § 1983 prison conditions case); *Williams Jr. v. Georgia Department of Corrections*, CV612-110, doc. 15 (S.D. Ga.

Williams then filed a new "Petition for an Extraordinary Writ of Mandamus" plus full payment of the $5 filing fee.[2] Doc. 9. In it he seeks to challenge a state conviction "based on newly discovered evidence and insufficient evidence after final judgment . . . ." *Id.* at 1. It's also obvious that Williams is an experienced litigator (*see supra* n. 1), so it would not be surprising if he knew about but ignored the 28 U.S.C. § 2254 remedy and § 2254 forms routinely availed to prisoners like him. For that matter, the Court rejects his assertion that "habeas is not proper for correcting such errors of fact," *id.* at 2; *see also id.* at 3 (he is in state custody), and that 28 U.S.C. § 1651(a) may be invoked here.[3]

---

Jan. 30, 2013) (§ 1983 case dismissed). There is an older Grady Williams case, but its "pre-digitized" records are off-site and thus will involve some expense should a 28 U.S.C. § 1915(g) determination be required (*e.g.*, the docket is not developed enough to enable the Court to confirm whether the Grady Williams here appears in that case, *Williams v. Endfield*, CV692-061, doc. 29 (S.D. Ga. May 24, 1993) (civil rights case dismissed)).

[2] The Clerk had the option to start a new case file or simply continue this one. It of course conserves judicial resources to reopen this one.

[3] In fact, this Court's very subject matter jurisdiction exists "only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.,'" 28 U.S.C. § 2254(a); *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000); *Washington v. McQuiggin*, 2013 WL 3466439 at * 5 (6th Cir. July 11, 2013); *see also Amenuvor v. Mazurkiewicz*, 494 F. App'x 198, 200 (3rd Cir. 2012) (petitioner "must rely on 28 U.S.C. § 2254 to bring claims challenging the validity or the execution of his sentence."). Section § 1651, for that matter, is an extraordinary remedy for which Williams "must show both a clear and indisputable right to the writ and that he has no

The Clerk shall send him a 28 U.S.C. § 2254 form petition with a copy of this Order. On it Williams is directed to clearly identify, by case name, court of conviction (he has failed to state it in his current petition, and has filed for habeas relief in the Middle District, *see supra*, n. 1, so this raises venue concerns), docket numbers and dispositions. In short, he must supply supporting information on *all* legal proceedings associated with his conviction.

However, petitioner is first warned that he is free to withdraw this matter, lest he suffer "first-filing," downwind consequences like successiveness. See *Foster v. Warden Chillicothe Correctional Inst.*, 2013 WL 1442540 at * 2 (6th Cir. Apr. 10, 2013) (district court could not *sua sponte* convert state prisoner's petition for relief under All Writs Act into initial § 2254 petition without first advising him of court's intention to recharacterize it, warning prisoner that recharacterization could adversely affect his ability to seek future relief under habeas statute, and

---

other adequate means to obtain the relief desired." *In re Anderson*, 446 F. App'x 441, 442 (3rd Cir. 2011). Rejecting a similar ploy in *Morales v. Fla Dept. of Corr.*, 346 F. App'x 539, 540 (11th Cir. 2009), the Eleventh Circuit clarified that § 1651 creates no substantive jurisdiction and that if the § 2254 shoe fits then petitioners like Williams must wear it. *Id.* at 540; *Henderson v. United States*, 2013 WL 3874937 at * 4 (S.D. Ga. July 25, 2013).

3

allowing prisoner opportunity to withdraw or amend his petition) (applying *Castro v. United States*, 540 U.S. 375, 383 (2003) (addressing the recharacterization of pleadings into motions under 28 U.S.C. § 2255) and *Gooden v. United States*, 627 F.3d 846, 849 (11th Cir.2010) ("In light of *Castro's* unqualified holding, we hold that a district court must provide the requisite notice and warning mandated by *Castro*, even where the court determines that the re-characterized motion is untimely.")).

Should Williams fail to comply (*i.e.* notify this Court of his *Castro* election in favor of proceeding under § 2254) by placing the completed § 2254 petition within his prison's mail system by the close of business on the thirtieth day of the date this Order is served, this case will be dismissed. He may elect to withdraw his petition by affirmatively stating so, or simply by letting the thirty-day deadline elapse.

**SO ORDERED**, this 8th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA